UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Melissa Wotton, Esq.
*The Law Office of Charles Higgs*
Attorneys for Debtor
100 S. Bedford Road, Suite 340
Mount Kisco, NY 10549
(917) 673-3768
melissa@freshstartesq.com

IN RE BETH ZAVADSKY,

DEBTOR.

Judge: Hon. Michael B. Kaplan

Case No.: 25-22799-MBK

Chapter: 13

## DEBTOR'S REPLY TO TRUSTEE'S OBJECTION TO MOTION TO VACATE DISMISSAL

The Debtor, by and through undersigned counsel, respectfully submits this Reply to the Chapter 13 Trustee's Opposition and states as follows:

## ARGUMENT

### I. DISMISSAL UNDER 11 U.S.C. § 1307(c) REQUIRES A REQUEST, NOTICE, AND A HEARING

Section 1307(c) provides that a case may be dismissed "for cause" only "on request of a party in interest or the United States trustee and after notice and a hearing." The statutory requirements are conjunctive. There must be (i) a request, and (ii) notice and a hearing.

Here, no motion or request to dismiss for cause was filed by the Trustee or any party in interest. Further, the Debtor was not provided notice that dismissal for cause would be considered, nor afforded an opportunity to be heard. This renders the dismissal defective.

To the extent the Trustee suggests that dismissal may occur without a motion, that position is inconsistent with the plain language of § 1307(c). Even if the Court were to act *sua sponte*, due process still requires notice and an opportunity to be heard. **See** 11 U.S.C. § 102(1).

## II. THE TRUSTEE'S RELIANCE ON RULE 60(b) IS MISPLACED

The Trustee argues that the Debtor has failed to meet the standard under Fed. R. Civ. P. 60(b). This argument presumes that the original dismissal was procedurally proper. It was not.

Where a dismissal is entered without the required statutory procedure or in violation of due process, courts routinely vacate such orders without imposing the heightened burden of Rule 60(b). Such orders are properly viewed as void or voidable. **See** Fed. R. Civ. P. 60(b)(4).

The issue before the Court is not whether the Debtor has presented "new evidence," but whether the dismissal itself was entered in a manner consistent with § 1307(c) and due process.

## III. THE TRUSTEE'S SUBSTANTIVE ARGUMENTS DO NOT CURE THE PROCEDURAL DEFECT

The Trustee asserts that (i) the Debtor was not current on payments, (ii) the 341(a) meeting was not held due to missing documents, and (iii) the case was dismissed for lack of prosecution. Even if accepted, these assertions do not excuse the failure to comply with the procedural requirements of § 1307(c).

A debtor is entitled to notice and an opportunity to address alleged deficiencies before the drastic remedy of dismissal is imposed.

## IV. THE DISMISSAL VIOLATED DUE PROCESS

Dismissal of a Chapter 13 case has immediate and significant consequences, including termination of the automatic stay. Fundamental due process requires that the Debtor be given notice and an opportunity to be heard before such relief is granted. Here, the Debtor received neither.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court (i) vacate the dismissal of this case, (ii) reinstate the case and the automatic stay, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: Mount Kisco, NY
April 14, 2026

By: *<u>/s/Melissa Wotton</u>*

Melissa Wotton
Attorney for Debtor
Law Office of Charles A. Higgs
100 S. Bedford Road, Suite 340
Mount Kisco, NY 10549